## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILSON P. RICHARD | : | |
| | : | No. |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FINANCE OF AMERICA | : | |
| INSURED, LLC formerly known as | : | |
| GATEWAY FUNDINGDIVERSIFIED | : | |
| MORTGAGE SERVICES, LP; | : | |
| OCWEN LOAN SERVICING, LLC; | : | |
| QBE INSURANCE CORPORATION | : | |
| PROGRESSIVE SPECIALTY | : | |
| INSURANCE AGENCY, INC.; and | : | |
| GREAT AMERICAN ASSURANCE | : | |
| COMPANY | : | |
| | : | |
| Defendants | : | Electronically Filed |

## COMPLAINT

**AND NOW,** comes the Plaintiff, WILSON P. RICHARD, by and through his counsel, John P. Rodgers, Esquire, and files this, his Complaint, against Defendants, FINANCE OF AMERICA INSURED, LLC formerly known as GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES L.P., OCWEN LOAN SERVICING, LLC, QBE INSURANCE CORPORATION, PROGRESSIVE SPECIALTY INSURANCE AGENCY, INC., and GREAT AMERICAN ASSURANCE COMPANY, and in support thereof, avers as follows:

## PARTIES

1.      Plaintiff, Wilson P. Richard (hereinafter referred to as "Richard"), is an adult and competent individual, residing at 12 Poplar Drive, Jim Thorpe, PA 18229.

2.      Defendant, FINANCE OF AMERICA INSURED, LLC (hereinafter "FINANCE OF AMERICA") formally known as GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES L.P (hereinafter "GATEWAY FUNDING"), is a limited liability company with a principle place of business situate at 15325 Fairfield Ranch Road, Suite 200, Chino Hills, CA 91709.

3.      FINANCE OF AMERICA, at all times relevant hereto, has been regularly engaged in the business of providing financing for the purchase of the real property.

4.      Defendant, OCWEN LOAN SERVICING, LLC (hereinafter "OCWEN"), is a limited liability company with its principle place of business situate at PO Box 24738, West Palm Beach, FL 33416-4738.

5.      OCWEN at all times relevant hereto, has been regularly engaged in the business of servicing mortgages in Carbon County, Pennsylvania.

6.      Defendant, QBE INSURNACE CORPORATION (hereinafter "QBE INSURANCE"), is a corporation with its principle place of business situate at One General Drive, Sun Prairie, WI 53596.

7.      QBE INSURNACE at all times relevant hereto, has been regularly engaged in the business of providing property and casualty insurance in Carbon County, Pennsylvania, and has been licensed to engage in such business.

8.      Defendant, PROGRESSIVE SPECIALTY INSURANCE AGENCY, INC. (hereinafter "PROGRESSIVE INSURANCE"), is a duly incorporated Pennsylvania corporation with its principle place of business situate at 6300 Wilson Mills Road, Cleveland, OH 44143.

9.      PROGRESSIVE INSURANCE at all times relevant hereto, has been regularly engaged in the business of providing property and casualty insurance in Carbon County, Pennsylvania, and has been licensed to engage in such business.

10.     Defendant, GREAT AMERICAN ASSURANCE COMPANY (hereinafter "GREAT AMERICAN"), is a company with its principle place of business situate at 301 East 4th Street, Cincinnati, OH 45202.

11.   GREAT AMERICAN at all times relevant hereto, has been regularly engaged in the business of providing mortgage protection insurance coverage for FINANCE OF AMERICA in Carbon County, Pennsylvania, and has been licensed to engage in such business.

## JURISDICTION

12.   This case is a civil action arising under the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et.seq ("RESPA") over which this Court has original jurisdiction under 28 U.S.C. §1331.   Jurisdiction of this Court arises under 28 U.S.C. §1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

13.   Venue in this District is proper because Jim Thorpe, Carbon County, Commonwealth of Pennsylvania is where the property that is the subject of the action is situated.   28 U.S.C. §1391(b)(2).   Under 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims in that it is so related to Richard's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

14.    Jurisdiction is also predicated under 28 U.S.C. §1332 due to the fact that the amount in controversy of the action exceeds exclusive interests and costs the sum of $75,000.00.

## BACKGROUND
## AND
## GENERAL ALLEGATIONS

15.    Plaintiff incorporates herein by reference Paragraphs 1-14 of his Complaint as if the same were set forth fully at length herein.

16.    On or about December 12, 2014, Richard obtained a loan from GATEWAY FUNDING which is now known as FINANCE OF AMERICA in the amount of $186,559.00 for the purchase of his residence located at 12 Poplar Drive, Jim Thorpe, Carbon County, PA 18229 (hereinafter "the premises"). A copy of the Mortgage are attached hereto, made a part hereof and labeled Exhibit "A."

17.    Prior to closing, Richard obtained a policy of insurance, from QBE INSURANCE, and PROGRESSIVE INSURANCE ("QBE Insurance Policy"), which commenced upon his purchase of the premises. A copy of the Declaration of Insurance is attached hereto, made a part hereof and labeled Exhibit "B.

18.    As a condition of making the above referenced loan GATEWAY FUNDING now known as FINANCE OF AMERICA required that the Plaintiff, Wilson P. Richard escrow insurance payments for his policy of insurance with QBE.

19.    Immediately after closing on the Richard's loan, GATEWAY FUNDING transferred servicing of his loan to OCWEN.

20.    It is averred and believed that, prior to the expiration of the Richard's policy of insurance, PROGRESSIVE INSURANCE and/or QBE INSURANCE sent a notice of cancellation or non-renewal to FINANCE OF AMERICA and/or OCWEN and to Richard at his previous address which was 3425 Linden Place, Apartment 1J, Flushing, New York, 14354 despite the fact that they were aware that Richard had moved to the premises.

21.    Due to the fact that the Notices were sent to his previous address, Richard did not receive a notice of cancellation or notice of non-renewal.

22.    Upon being notified of cancellation or nonrenewal of the QBE Insurance Policy, rather than making payment or providing notice to Richard, FINANCE OF AMERICA obtained forced placed insurance coverage with GREAT AMERICAN.

23.    On or about March 15, 2016, a water pipe ruptured, which caused water damage to the premises (hereinafter "THE 1ST LOSS") in the amount of $51,792.58, which is broken down as follows:

> a) Damage to the Plaintiff's contents was in the amount of $26,384.16.
>
> b) Damage to the Plaintiff's structure and dwelling was in the amount of $16,983.06.
>
> c) Damages for mold remediation due to Defendants failure to pay for Demolition and clean up in the amount of $8,425.36.

24.    The damage to Richard's structure and dwelling were covered pursuant to provisions of the forced placed insurance that was obtained by FINANCE OF AMERICA and OCWEN on behalf of Richard.

25.    On or about June 1, 2016, after receiving payment from GREAT AMERICAN, FINANCE OF AMERICA sent a check to Mr. Richard's in the amount of $2,773.30 that the Plaintiff never cashed. A copy of said check is attached hereto as Exhibit "C".

26.    On or about February 7, 2017, after receiving payment from GREAT AMERICAN for mold remediation, FINANCE OF AMERICA sent a second check in the amount of $6,240.16 to the Mr. Richard's and Clean Forced #1, LLC. A copy of said check is attached hereto as Exhibit "D".

27.   On or about February 24, 2017, Richard sustained a second loss when the faucet in the kitchenette on the second floor of the premises ruptured, causing additional damage to the premises (hereinafter "THE 2ND LOSS") in the amount of $24,957.03 (without an air quality test conducted), which is broken down as follows:

a) Damages to the Plaintiff's structure and dwelling was in the amount of $18,021.49.

b) Damages for the Demolition and Clean out of the premises that was paid of pocket by Richard in the amount of $6,005.37.

c) Damages for mold remediation due to Defendants failure to pay for Demolition and clean up in the total amount of $930.17, which continue to accrue until remediated to this day.

COUNT I

WILSON P. RICHARD
V.
FINANCE OF AMERICA INSURED, LLC
formally GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, LP
AND OCWEN LOAN SERVICING, LLC

VIOLATION REAL ESTATE SETTLEMENT
PROCEDURES ACT, 12 U.S.C. §2601 ET.SEQ ("RESPA")

28.    Plaintiff incorporates herein by reference Paragraphs 1-27 of his Complaint as if the same were set forth fully at length herein.

29.    Paragraph 4 of the Mortgage which Richard entered into with Gateway Funding on November 12, 2014, included the following requirement for fire, flood and hazard insurance:

**4. Fire, Flood, and Other Hazard Insurance**
Borrower shall insure all improvements on the Property, whether now in existence or substantially erected, against any hazards, casualties and contingencies, including fire, for which Lender requires insurance.  This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary.  All insurance shall be carried with companies approved by Lender.  The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail.  Lender may make proof of loss if not made promptly by Borrower.  Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender at its option, either:

(a)    to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in Paragraph 3, and then to prepayment of principal, or

(b)    to the restoration or repair of the damages Property.  Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are

referred to in Paragraph 2, or change the amount of such payments.   Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in forced shall pass to the purchaser.

30.   Pursuant to Paragraph 2 of the Mortgage which provides as follows, Richard was required to escrow his premiums for his homeowner's insurance:

(2) Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for …
(c) premiums for insurance required in Paragraph 4. …

31.   Despite the fact that monies were paid into escrow for the payment of insurance, upon cancellation and/or non-renewal of Richard's QBE Insurance Policy, OCWEN as servicer for FINANCE OF AMERICA obtained forced placed insurance from GREAT AMERICAN without providing notice to Richard.

32.   Except as provided in paragraph (k)(5)(III) of the Regulation issued by the Bureau of Consumer Finance Protection to implement the Real Estate Settlement Procedures Act of 1974, with respect to a borrower whose mortgage payment is more than 30 days overdue, but who has

established an escrow account for the payment for hazard insurance, as defined in §1024.31, a servicer is not permitted to purchase forced placed insurance, as that term is defined in §1024.37(a), unless a servicer is unable to disburse funds from the borrower's escrow account to ensure that the borrower's hazard insurance premium charges are paid in a timely manner. 12 CRR §1024.17(K)(5)(i).

33.   A servicer is considered unable to disburse funds from a borrower's escrow account to ensure that the borrower's hazard insurance premiums are paid in a timely manner only if the servicer has a reasonable basis to believe either that the borrower's hazard insurance has been canceled (or was not renewed) for reasons other than nonpayment of premium charges or that the borrower's property is vacant.   12 CRR §1024.17(K)(5)(ii)(A).

34.   A servicer shall not be considered unable to disburse funds from the borrower's escrow account because the escrow account contains insufficient funds for paying hazard insurance premium charges. 12 CRR §1024.17(K)(5)(ii)(B).

35.    Despite the fact that, OCWEN, as servicer for FINANCE OF AMERICA, was not unable to disburse funds from Richard's escrow account, it chose to obtain forced placed insurance from GREAT AMERICAN on behalf of Richard.

36.    Prior to renewing forced placed insurance, a servicer must comply with the following requirements: first, servicer must provide forty-five (45) days advance written notice; second, by the end of the forty-five (45) day notice period, a servicer must not have received evidence demonstrating that borrower has purchased hazard insurance. 12 C.F.R. 1024.37(e).

37.    OCWEN, as servicer for FINANCE OF AMERICA, did not provide Richard notice of its intent to renew its forced placed insurance with GREAT AMERICAN prior to its renewal on April 4, 2016.

38.    As a result of the failure by OCWEN and FINANCE OF AMERICA to make payments for the QBE Insurance Policy from escrow, Richard was unable to be fully compensated for the damages to his structure and to make a claim for damages to his contents.

WHEREFORE, as a result of Defendants, Finance of America Insured, LLC formally Gateway Funding Diversified Mortgage Services, LP and Ocwen Loan Servicing, LLC's. violation of the Real Estate Settlement

Procedures Act and/or upon finding Finance of America Insured, LLC formally Gateway Funding Diversified Mortgage Services, LP vicariously liable for Ocwen Loan Servicing, LLC's violations of RESPA, Richard requests this Court grant the following relief as against Defendants, Finance of America Insured, LLC formally Gateway Funding Diversified Mortgage Services, LP and Ocwen Loan Servicing, LLC:

A.     Actual damages as prayed for herein in an amount to be determined at trial, 12 U.S.C. §2605(f)(1)(A);

B.     Statutory damages as prayed for herein in the amount of $2,000.00 per violation, because such conduct was part of a pattern and practice of noncompliance, 12 U.S.C. §2605(1)(1)(B);

C.     Costs of this action, including reasonable attorney fees as provided under 12 U.S.C. §2605(1)(3); and

D.     Such other and further relief as this Court deems appropriate.

COUNT II

WILSON P. RICHARD
V.
FINANCE OF AMERICA INSURED, LLC
formally GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, LP
AND OCWEN LOAN SERVICING, LLC

BREACH OF CONTRACT

39.    Plaintiff incorporates herein by reference Paragraphs 1-38 of his Complaint as if the same were set forth fully at length herein.

40.    Pursuant to the Loan Document Agreement and, mortgage for the property located at 12 Poplar Drive, Jim Thorpe, Carbon County, Pennsylvania which was entered into by Richard on February 14, 2014. GATEWAY FUNDING agreed to collect and hold monies for property insurance in escrow.

41.    It is averred and believed that GATEWAY FUNDING and/or OCWEN received notice of cancellation or non-renewal of Richard's insurance prior to its expiration on December 12, 2015.

42.    As escrow agent, GATEWAY FUNDING and/or OCWEN did not provide notice to Richard that his insurance had been cancelled or not renewed prior to obtaining forced placed insurance.

43.    Rather than providing Richard with notice that his insurance had been cancelled or not renewed, GATEWAY FUNDING and/or OCWEN simply obtained forced placed insurance from GREAT AMERICAN which did not provide coverage for Richard's personal property.

44. At all times relevant hereto, GATEWAY FUNDING and/or OCWEN had a statutory, contractual and fiduciary duty to notify Richard that his insurance had been cancelled or not renewed prior to obtaining forced placed insurance.

45. As a result of the foregoing breach of contract by GATEWAY FUNDING and/or OCWEN, Richard has suffered damages as more fully set forth herein for which a claim is herein made.

WHEREFORE, Plaintiff, Wilson P. Richard, respectfully requests this Honorable Court to enter judgment in his favor and against the Defendants, Finance of America Insured, LLC, formally Gateway Funding Diversified Mortgage Services, LP and Ocwen Loan Servicing, LLC, in an amount in excess of $75,000.00 and award all such other legal and equitable relief, including attorney's fees, interest and punitive damages that the Court deems proper and just, actual and consequential damages sustained by Richard as prayed for herein, damages, foreseeable or not, that are a direct consequence of Finance of America and Ocwen's bad faith failure to perform as prayed herein and such other and further relief as this Court deems appropriate.

COUNT III

WILSON P. RICHARD
V.
PROGRESSIVE SPECIALTY INSURANCE AGENCY, INC.

BREACH OF CONTRACT

46.    Plaintiff incorporates herein by reference Paragraphs 1-45 of his Complaint as if the same were set forth fully at length herein.

47.    Richard entered into an agreement with PROGRESSIVE INSURANCE for the purpose of obtaining and providing adequate and sufficient insurance coverage for property situate at 12 Poplar Drive, Jim Thorpe, Carbon County, Pennsylvania.

48.    Richard sought casualty insurance for coverage for losses sustained by way of, *inter alia,* damages caused by water loss to the property.

49.    Richard relied on the training, experience and expertise of PROGRESSIVE INSURANCE in providing such coverage.

50.    PROGRESSIVE INSURANCE in direct violation of their agreement with Richard and contrary to its course of conduct in dealing and handling Richard's insurance needs, failed and neglected to

adequately notify Richard that the policy of insurance was cancelled and/or not renewed.

51.     At all times relevant hereto, PROGRESSIVE INSURANCE held itself out to Richard and the public as experts in insurance and knew or should have known that Richard would rely upon them to provide proper, adequate insurance, notice, documentation and coverage regarding the policy of insurance at issue herein.

52.     At all times relevant hereto, PROGRESSIVE INSURANCE knew that Richard was unlearned in the matters of insurance as referenced herein.

53.     As a direct and proximate result of the violation of PROGRESSIVE INSURANCE of its agreement with Richard, he has suffered the reasonable and foreseeable damages as more fully set forth herein.

WHEREFORE, Plaintiff, Wilson P. Richard, respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant, Progressive Specialty Insurance Agency, Inc., in an amount in excess of $75,000.00 and award all such other legal and equitable relief, including attorney's fees, interest and punitive damages that the Court deems proper and just, actual and consequential damages sustained by Richard as

prayed for herein, damages, foreseeable or not, that are a direct consequence of Progressive Specialty Insurance Agency Inc.'s bad faith failure to perform as prayed herein and such other and further relief as this Court deems appropriate.

COUNT IV

WILSON P. RICHARD
V.
QBE INSURANCE CORPORATION

BREACH OF CONTRACT

54.    Plaintiff incorporates herein by reference Paragraphs 1-53 of his Complaint as if the same were set forth fully at length herein.

55.    The water loss which occurred on March 15, 2016, caused damages to Richard's property, which property is the subject of the policy at issue herein.

56.    The failure of QBE INSURANCE to provide Richard with notice that his policy had been cancelled and/or not renewed was a violation of its statutory, contractual and fiduciary duty to Richard and constituted breach of the agreement to provide insurance by QBE INSURANCE to Richard.

57.    The failure of QBE INSURANCE to reimburse Richard for his loss is a breach of the insurance policy agreement referenced herein.

58.    Despite repeated demands, QBE INSURANCE has failed and continues to refuse to make payment to Richard as more fully set forth herein which is due and owing pursuant to the above referenced policy of insurance.

WHEREFORE, Plaintiff, Wilson P. Richard, respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant, QBE Insurance Corporation, in an amount in excess of $75,000.00 and award all such other legal and equitable relief, including attorney's fees, interest and punitive damages that the Court deems proper and just, actual and consequential damages sustained by Richard as prayed for herein, damages, foreseeable or not, that are a direct consequence of QBE Insurance Corporation's bad faith failure to perform as prayed herein and such other and further relief as this Court deems appropriate.

## COUNT V

### WILSON P. RICHARD
### V.
### GREAT AMERICAN ASSURANCE COMPANY

### BREACH OF CONTRACT

59.    Plaintiff incorporates herein by reference Paragraphs 1-58 of his Complaint as if the same were set forth fully at length herein.

60.   As a result of THE 1ST LOSS, Richard has incurred damages in the amount of $51,792.58 which is broken down as follows:

a.   Damage to the Plaintiff's contents was in the amount of $26,384.16.

b.   Damage to the Plaintiff's structure and dwelling was in the amount of $16,983.06.

c.   Damages for mold remediation due to Defendants failure to pay for Demolition and clean up in the amount of $8,425.36

61.   As a result of THE 2ND LOSS, Richard has incurred damages in the amount of $24,957.03 which is broken down as follows:

a) Damages to the Plaintiff's structure and dwelling was in the amount of $18,021.49.

b) Damages for the Demolition and Clean out of the premises that was paid of pocket by Richard in the amount of $6,005.37.

c) Damages for mold remediation due to Defendants failure to pay for Demolition and clean up in the total amount of $930.17 which continue to accrue until remediated.

62.   On or about November 2, 2017 by virtue of email to Richard's counsel Attorney Patrick J. Hughes from Nicole Porter, Senior Clams

representative for National General Lender Services, Adjusting, LLC confirmed that additional damages were owed for THE 1ST LOSS and that THE 2ND LOSS was a covered loss. A copy of said email is attached hereto as Exhibit "E".

63.    After being informed that additional coverage was being provided for the first loss, by virtue of written correspondence from John St. Onge, Senior Claims Representative for National General Lender Services, Adjusting, LLC dated January 4, 2018, Richard was informed that there was no additional coverage for THE 1ST LOSS and that THE 2ND LOSS would not be covered. A copy of said email is attached hereto as Exhibit "F".

64.    Despite tendering payments on THE 1ST LOSS in the amount of $2,773.30 and $6,240.16 and admitting that additional monies were due and owing on THE 1ST LOSS, by virtue of written email dated November 22, 2017 from Nicole Porter, Senior Claims representative for National General Lender Services Adjusting, LLC, GREAT AMERICAN refused to pay all monies due on THE 1ST Loss.

65.    Despite the fact that Richard was notified by Nicole Porter, Senior Claims representative for National General Lender Services Adjusting, LLC that THE 2ND LOSS was a covered loss, GREAT

AMERICAN refused to make payment for THE 2ND LOSS, which is covered pursuant to the provisions of the policy of insurance.

WHEREFORE, Plaintiff, Wilson P. Richard, respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant, Great American Assurance Company, in an amount in excess of $75,000.00 and award all such other legal and equitable relief, including attorney's fees, interest and punitive damages that the Court deems proper and just, actual and consequential damages sustained by Richard as prayed for herein, damages, foreseeable or not, that are a direct consequence of Great American Assurance Company's bad faith failure to perform as prayed herein and such other and further relief as this Court deems appropriate.

## COUNT VI

WILSON P. RICHARD
V.
GREAT AMERICAN ASSURANCE COMPANY

### BAD FAITH

66.    Plaintiff incorporates herein by reference Paragraphs 1-65 of his Complaint as if the same were set forth fully at length herein.

67.    GREAT AMERICAN's failure to make payment for the loss occurring upon the said premises does constitute an unreasonable delay

and does, additionally, constitute bad faith on the part of the Defendants, GREAT AMERICAN, in violation of 40 P.S. §1171.51(a)(10)(i) for misrepresenting pertinent facts of policy or contract provisions relating to coverage at issue, thereby entitling the Richard to an award of interest on the amount of the claim from the date the claim was made at a rate of the Prime Rate of interest plus three percent (3%), punitive damages, court costs, and attorneys fees pursuant to 42 P.S. §8371.

68.     The failure of GREAT AMERICAN to make payment for the loss occurring upon the said premises does constitute an unreasonable delay and does, additionally, constitute bad faith on the part of GREAT AMERICAN in violation of 40 P.S. §1171.51(a)(10)(vii) for compelling persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in action brought by such persons, thereby entitling Richard to an award of interest on the amount of the claim from the date the claim was made at the rate of the Prime Rate of interest plus three (3%) percent, punitive damages, court costs and attorneys fees pursuant to 42 P.S. §8371.

69.   Insurance proceeds remain due and owing by GREAT AMERICAN to Richard for the loss and damage sustained Richard at his premises located at 12 Poplar Drive, Jim Thorpe, Carbon County, Pennsylvania by reason of water damaging Richard's premises, together with damages for bad faith pursuant to 42 P.S. §8371, additionally, entitling Richard to an award of interest on the amount of the claim from the date the claim was made at a rate of the Prime Rate of interest plus three (3%) percent, punitive damages, court costs and attorneys fees.

WHEREFORE, Plaintiff, Wilson P. Richard, respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant, Great American Assurance Company, in an amount in excess of $75,000.00 together with interest at the Prime Rate of interest plus three (3%) punitive damages, court costs and attorney's fees.

Respectfully submitted,

/s/ John P. Rodgers, Esquire
Attorney for Plaintiff
ECF USER
Supreme Court ID #79998
Wetzel, Phillips, Rodgers & Falcone
1170 Highway 315, Suite 1, Plains, PA 18702
570-823-0101(PHONE) / 570-825-7799 (FAX)
jrodgers@wcprlaw.com