# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILSON P. RICHARD,** | : | Civil No. 3:18-CV-559 |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **FINANCE OF AMERICA** | : | |
| **MORTGAGE, LLC formerly known** | : | |
| **as GATEWAY FUNDING** | : | |
| **DIVERSIFIED MORTGAGE** | : | |
| **SERVICES, LP; QBE INSURANCE** | : | |
| **CORPORATION; PROGRESSIVE** | : | |
| **SPECIALITY INSURANCE** | : | |
| **AGENCY, INC.; and GREAT** | : | |
| **AMERICAN ASSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS CASE IS AS FOLLOWS:

This case, which comes before us for consideration of a motion to clarify the status of cross claims, (Doc. 120), involves questions concerning who may be liable for insurance coverage and what kind of indemnification may be owed to the plaintiff, Wilson P. Richard, for two separate incidents of water damage that occurred at Wilson's home in Jim Thorpe, Pennsylvania in March 2016 and

February 2017.  Wilson's complaint, which was amended three times, (Docs. 1, 33, 69, 93), recites that Richard has been harmed by a course of conduct that resulted in the cancellation of his original homeowner's insurance and the substitution of a lender force-placed insurance policy[1] in 2016, which provided him with less coverage at the time that he experienced property damage losses in 2016 and 2017. Richard pursued these claims in a global, comprehensive fashion, bringing this action against his mortgagee, a mortgage servicing company, two insurance companies and an insurance agency, seeking damages he claims he is owed for water damage to his home.  Richard sued these parties collectively in an attempt to affix blame at the foot of at least one of these companies so that he can be indemnified against the losses he claims he incurred.  One of the defendants named by Richard, Ocwen Loan Servicing, LLC ("Ocwen"), moved to dismiss this complaint alleging that there was no causal connection between Ocwen's conduct and any injury suffered by the plaintiff. The court agreed and dismissed Ocwen as a defendant in August of 2019. Richard v. Fin. of Am. Mortg., LLC, No. 3:18-CV-559, 2019 WL 3756895, at *1 (M.D. Pa. July 23, 2019), report and recommendation adopted sub nom. Richard v. Fin. of Am. Mortgages, LLC, No. 3:18-CV-559, 2019 WL 3753682

---

[1] "[T]he term 'force-placed insurance' means hazard insurance obtained by a servicer on behalf of the owner or assignee of a mortgage loan that insures the property securing such loan." 12 C.F.R. § 1024.37(a)(1).

(M.D. Pa. Aug. 8, 2019). Ocwen was terminated as a party in this lawsuit at that time.

The instant motion to clarify identifies what may have been a latent ambiguity in this prior dismissal order. At the time that this order was entered dismissing the plaintiff's claims against Ocwen as too legally, logically and temporally remote to state a claim upon which relief may be granted, another defendant in this case, Finance of America, LLC, had lodged a cross claim against Ocwen which alleged contractual and common law rights to indemnification. (Doc. 76). The dismissal order did not speak directly to this cross claim, thus creating the perceived ambiguity which inspired Finance of America, LLC, to file this motion to clarify, (Doc. 120), which Ocwen opposes. (Docs. 120-22).

Where a defendant's cross claims against another defendant were dependent upon the viability of the plaintiff's underlying claims, some courts have suggested that dismissal of the plaintiff's complaint extinguishes the cross claim as well. See generally Paws Up Ranch, LLC v. Green, No. 2:12-CV-01547-GMN-NJ, 2014 WL 4828934, at *4 (D. Nev. Sept. 30, 2014). However, the third circuit court of appeals has stated to the contrary, announcing that: "(A) dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a codefendant." Fairview Park Excavating Co.

v. Al Monzo Const. Co., 560 F.2d 1122, 1125 (3d Cir. 1977)(citing Aetna Insurance Co. v. Newton, 398 F.2d 729, 734 (3d Cir. 1968)).

Accordingly, in order to address, and resolve, this ambiguity, IT IS ORDERED as follows: Finance of America, LLC.'s motion to clarify, (Doc. 120), is GRANTED, in part, and on or before, **July 10, 2020**, Finance of America, LLC may file a motion to reinstate its cross claim. If such a motion is filed, on or before **July 20, 2020** Ocwen may move to dismiss this cross claim.

So ordered this 19th day of June 2020.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge